WIRT FRANKLIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 9267.    Promulgated October 24, 1927.

The deficiency asserted for 1916 is under the facts barred by the
statute of limitations.

*F. H. Bryan, Esq.,* for the petitioner.
*Orris Bennett, Esq.,* for the respondent.

This proceeding involves a deficiency in income tax in the amount
of $21,459.08 for the year 1916 and came on for hearing upon the
issue as to whether the statute of limitations was a bar to the assess-
ment and collection of the tax in controversy.

### FINDINGS OF FACT.

The petitioner is a resident of Ardmore, Okla.

He filed his income-tax return for the year 1916 with the collector
for the district of Oklahoma on March 1, 1917.   The return showed
a tax liability of $7,117.73, which was duly assessed and paid.   There-
after, in April, 1920, the respondent assessed an additional tax
against the petitioner in the amount of $32,137.34 and on June 19,
1920, the petitioner filed with the collector of internal revenue a
claim for abatement covering the additional tax.   The claim was
allowed in part and rejected in part, and the deficiency notice was
mailed to the petitioner on September 23, 1925, and the petitioner
filed his appeal with the Board on November 20, 1925.

Thereafter, the petitioner gave his bond with sureties to the col-
lector of internal revenue in the amount of $45,000, the condition of
which was that if upon the hearing of the appeal by the Board a deci-
sion should be rendered disallowing or setting aside the determina-
tion of the said deficiency in tax in full the obligation should be
null and void, otherwise to remain in full force and effect for the
payment of so much of the said deficiency in tax as the Board might
determine to be lawfully due.

Under date of October 31, 1925, the collector of internal revenue
for the district of Oklahoma made demand upon the petitioner for
the payment of the tax, with interest.   Thereafter under date of
November 10, 1925, the collector made the second demand upon the
petitioner for the payment of the tax together with a penalty of 5
per cent and interest.

On November 11, 1925, the collector filed notice of tax lien with
the county clerk, Oklahoma County, State of Oklahoma, covering
the alleged deficiency in tax for 1916.

The petitioner and Commissioner did not consent in writing to the
determination, assessment and collection of the tax for the year 1916

after the expiration of five years from the date of the filing of the return for that year. Under date of December 22, 1926, petitioner wrote the chief clerk in the office of the collector of internal revenue, district of Oklahoma, that he refused to sign any waiver covering his tax for 1916.

No distraint proceedings have been instituted against the petitioner for the collection of the alleged deficiency nor has any suit been instituted in the United States District Court for the Eastern District of Oklahoma, in which judicial district Ardmore is located, by either the United States or the collector of internal revenue, against the petitioner for the collection of the tax involved.

OPINION.

TRAMMELL: The question presented for determination is whether the collection of the alleged deficiency of $21,459.08 is barred by the statute of limitations.

The assessment of the alleged deficiency herein was made in April, 1920. Thereafter, the Revenue Act of 1921 was passed, November 23, 1921, which contains in section 250 (d) the following provisions:

* * * The amount of any such taxes due under any return made under * * * prior income, excess-profits or war-profits tax Acts * * * shall be determined and assessed within five years after the return was filed, unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment and collection of the tax; and no suit or proceeding for the collection of any such taxes due * * * under prior income, excess-profits or war-profits tax Acts * * * shall be begun, after the expiration of five years after the date when such return was filed * * *.

The above section was construed by the United States Supreme Court in the case of Bowers v. New York & Albany Lighterage Co., 273 U. S. 346. The question in that case was whether the distraint was a proceeding within the purview of that section. The court held that distraint was a proceeding within the meaning of the Act and was barred by the section five years after the date the return was filed, even though the taxes were duly assessed within the five-year period provided by that section. The court in that case said:

The purpose of the enactment was to fix a time beyond which steps to enforce collection might not be initiated. The repose intended would not be attained if suits only were barred, leaving the collector free at any time to proceed by distraint. In fact, distraint is much more frequently resorted to than is suit for the collection of taxes. The mischiefs to be remedied by setting a time limit against distraint are the same as those eliminated by bar against suit.

* * * That it was the intention of Congress by the clause here in question to protect taxpayers against any proceeding whatsoever for the collection of tax claims not made and pressed within five years.

The only exceptions to the running of the statute of limitations provided in the above quoted section of the statute are (1) when both the Commissioner and the taxpayer consent in writing to a later determination, assessment and collection of the tax, (2) in the case of false or fraudulent returns with intent to evade taxes, (3) failure to file the required return, (4) cases coming within the scope of paragraph (9) of subdivision (a) of section 214 or paragraph (8) of subdivision (a) of section 234, or (5) cases of final settlement of losses contingently allowed by the Commissioner pending a determination of the exact amount deductible.

None of the exceptions are applicable to this case. There was no consent in writing to a later determination, assessment or collection, nor is there any question presented as to a false or fraudulent return, nor does the case come within the scope of the other exceptions.

The respondent contended that the statute of limitations in this case was suspended or started to run anew by the filing of the claim for abatement, by the giving of the bond and the letter of the petitioner to the chief clerk in the office of the collector of internal revenue. That is, to our minds not sufficient to suspend the operation of the statute of limitations. They do not come within any of the exceptions to the statute. We see nothing in any of the instruments referred to or the procedure followed, which would be a basis for the application of the doctrine of estoppel. The letter of December 22, 1926, clearly set forth the position of the petitioner that he refused to sign the waiver. The bond that was given was in connection with the appeal to the Board of Tax Appeals and by its terms was conditioned upon a decision of the Board that the tax was lawfully due. Otherwise, it was to become null and void.

In view of the foregoing, it is our opinion that the collection of the tax involved is barred by the statute of limitations. There is therefore no deficiency in respect of the tax involved.

*Judgment will be entered for the petitioner.*

Considered by MORRIS, MURDOCK, and SIEFKIN.